IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEMS,<br>    *Plaintiff*<br>v.<br><br>AETNA U.S. HEALTHCARE,<br>    *Defendant* | CIVIL ACTION NO. H-05-0004 |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff Memorial Hermann Hospital Systems's motion to remand (Instrument No. 12). For the reasons set forth below, the Court **ORDERS** that Plaintiff's motion is **GRANTED**. This case is remanded to the 189th Judicial District Court of Harris County, Texas.

### I.  BACKGROUND AND RELEVANT FACTS

Plaintiff Memorial Hermann Hospital Systems ("MHHS") is a non-profit corporation that, like many hospitals, often acts as an independent third-party provider of medical services to employees enrolled in welfare benefit plans. Occasionally the hospitals will provide the medical services to an employee, and the insurer or plan administrator will subsequently deny either the existence or the extent of coverage. In such cases the hospital often alleges that it provided the medical services to the employee (or former employee) in reliance on some misrepresentation regarding coverage made by the insurer or plan administrator. Frequently, the hospital will bring suit in state court and assert only state law claims. Inevitably, the insurer and / or the plan will

assert that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempts the hospital's state law causes of action.[1]

This is precisely what has occurred here. During the summer of 2003, Latisha Moore ("Moore") was twice hospitalized at MHHS. Her first hospitalization lasted from 8 July 2003 to 16 July 2003. Her second hospitalization lasted from 30 July 2003 to 4 August 2003. On both occasions MHHS contacted Aetna U.S. Healthcare ("Aetna") to verify Moore's coverage and was told that Moore was the beneficiary of a current insurance policy with an effective date of 1 September 2001, a $100 co-pay, and then 100% coverage to unlimited lifetime amount. The total cost of Moore's treatment was $69, 313.50. Aetna has refused to pay, asserting that Moore was not covered by an insurance plan during her hospitalizations.

On 10 August 2004, MHHS filed suit in state court against Aetna. Plaintiff asserted two causes of action: (1) common law negligent misrepresentation; and (2) violations of the Texas Insurance Code and Deceptive Trade Practices Act. Defendant removed the case to this court on 3 January 2005. According to Defendant, this case arises "out of the processing and denial of medical claims allegedly covered under the terms of an employee benefit plan established and maintained by an employer pursuant to ERISA." *Notice of Removal* at 2-3 (Instrument No. 1). On 19 October 2005 Plaintiff filed its motion to remand arguing that (1) Defendants' removal of the case was untimely, and (2) it is asserting only "independent state law claims that are not preempted by ERISA. *Motion to Remand* at 2.

**II.    LAW**

---

[1] *See, e.g.*, *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas*, 164 F.3d 952 (5th Cir.1999); *Cypress Fairbanks Medical Center, Inc. v. Pan-American Life Insurance Co.*, 110 F.3d 280 (5th Cir. 1997); *Memorial Hospital System v. Northbrook Life Insurance Co.*, 904 F.2d 236 (5th Cir. 1990).

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company,* 128 F.3d 919, 922 (5th Cir.1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will rely upon" in pursuing his claims. *The Fair v. Kohler Die & Specialty Company,* 228 U.S. 22, 25 (1913); see also *Beneficial National Bank v. Anderson,* 539 U.S. 1, 6 (2003); *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania,* 876 F.2d 1157, 1160-61 (5th Cir.1989), *cert. denied,* 493 U.S. 1074 (1990). It is well established that where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 366 (5th Cir.1995). The only exception to the well-pleaded complaint rule is the doctrine of complete preemption, which applies only if Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir.2003) (en banc) (quoting *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 63-64 (1987)), *cert. denied,* 540 U.S. 1104 (2004).

The Supreme Court has held that state-law claims seeking relief within the scope of ERISA § 502(a)(1)(B) are subject to the doctrine of complete preemption and must be recharacterized as arising under federal law. *Metropolitan Life,* 481 U.S. at 60, 67; see also *Ramirez v. Inter-Continental Hotels,* 890 F.2d 760, 762 (5th Cir.1989). According to § 502(a)(1)(B), ERISA's civil enforcement provision:

> § 1132. Civil enforcement
> (a) Persons empowered to bring a civil action
> A civil action may be brought--
> (1) by a participant or beneficiary--
>
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

29 U.S.C. § 1132(a)(1)(B). When a claimant seeks relief "within the scope of [ERISA's] civil enforcement provisions," his or her claims are subject to *complete preemption. Metropolitan Life,* 481 U.S. at 66. Complete preemption " 'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of ... making removal available to the defendant." *McClelland v. Gronwaldt,* 155 F.3d 507, 516 (5th Cir.1998); *see also Johnson v. Baylor University,* 214 F.3d 630, 632 (5th Cir.), *cert. denied,* 531 U.S. 1012 (2000).

Another type of preemption, known as "conflict" or "ordinary" preemption, "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana,* 338 F.3d at 439. Under ERISA's conflict preemption provision, § 514(a), "any and all State laws [are displaced or superceded] insofar as they ... relate to any employee benefit plan". 29 U.S.C. § 1144(a); *see also Christopher v. Mobil Oil Corporation,* 950 F.2d 1209, 1217 (5th Cir.), *cert. denied,* 506 U.S. 820 (1992). Any state law "relates to" an ERISA plan "if it has a connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97 (1983).[2]

---

[2] While this "relate to" standard must be interpreted expansively to give the words their broad common-sense meaning, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21.

The Fifth Circuit, in *Memorial Hospital System v. Northbrook Life Insurance Company,* 904 F.2d 236, 245 (5th Cir.1990), outlined two unifying characteristics of cases finding ERISA preemption of a plaintiff's state law causes of action.[3]  According to the Fifth Circuit, plaintiffs' state law causes of action have been found to be preempted when: (1) the state law claim addresses areas of exclusive federal concern, and (2) the claim directly affects the relationship between traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital,* 904 F.2d at 245.

First, preemption is appropriate, according to *Memorial Hospital,* where the state law addresses areas of exclusively federal concern, including the right to receive benefits under the terms of an ERISA plan. 904 F.2d at 245. Congress's purpose in enacting ERISA was "to promote the interests of employees and their beneficiaries in employee benefit plans, ... and to protect contractually defined benefits." *Firestone Tire & Rubber Company v. Bruch,* 489 U.S. 101, 113 (1989) (internal citations and quotations omitted). The Supreme Court has cautioned, however, that it has "addressed claims of [ERISA] pre-emption with the starting presumption that Congress [did] not intend to supplant state law." *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Company,* 514 U.S. 645, 654 (1995); *see also Fort Halifax Packing Company, Inc. v. Coyne,* 482 U.S. 1, 19 (1987) ("ERISA preemption analysis 'must be guided by respect for the separate spheres of governmental authority preserved in our federalist system.").  Lawsuits against ERISA plans for commonplace, run-of-the-mill state-law claims–although obviously affecting and involving

---

[3]See also *Cypress Fairbanks Medical Center Inc. v. Pan-American Life Insurance Company,* 110 F.3d 280, 283 (5th Cir.), *cert. denied,* 522 U.S. 862, 118 S.Ct. 167, 139 L.Ed.2d 110 (1997); *Foley v. Southwest Texas HMO, Inc.,* 226 F.Supp.2d 886, 894 (E.D.Tex.2002); *Baylor University Medical Center v. Arkansas Blue Cross Blue Shield*, 331 F.Supp.2d 502, 507 (N.D.Tex.2004).

ERISA plans–are not preempted by ERISA. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 833 (1988).

Second, preemption is appropriate, according to *Memorial Hospital,* where the state law directly affects the relationship among the traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries. 904 F.2d at 245.  For instance, a hospital's state law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the hospital seeks to recover benefits owed under a plan to a plan participant who has assigned her right of benefits to the hospital. See *Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988). However, absent status as an assignee, health care providers are not traditional ERISA entities. *See Memorial Hospital,* 904 F.2d at 249 (stating that health care providers were not a party to the ERISA bargain struck by Congress between health benefit plans and their participants).

### III.     APPLICATION OF LAW TO THE FACTS

MHHS has waived any procedural objection to Aetna's removal of the case by failing to raise it within thirty days. See 28 U.S.C. 1447(c); *In re Shell Oil Co. et al*, 932 F.2d 1518, 1523 (5th Cir. 1991).  The court, however, agrees that MHHS's claims against Aetna are run-of-the-mill state law claims, and are not preempted by ERISA.  All of MHHS's causes of action stem from Aetna's alleged misrepresentation of coverage for Moore.  MHHS is not suing Defendant as the assignee of Moore's benefits, and its claims do not directly affect the relationship between traditional ERISA entities.  Thus, as has been made clear by numerous precedents in this Circuit, claims such as those of MHHS are not subject to ERISA

preemption.  Specifically, the Fifth Circuit and federal district courts within Texas have found that certain state law causes of action, including all of the claims asserted here, are not preempted by ERISA when brought by independent, third-party health care providers. *See Transitional Hospitals Corporation v. Blue Cross and Blue Shield of Texas, Inc.,* 164 F.3d 952, 954 (5th Cir.1999) (claims for breach of contract, common law misrepresentation, and statutory misrepresentation under the Texas Insurance Code); *Memorial Hospital,* 904 F.2d at 238 (claims for deceptive and unfair trade practices under the Texas Insurance Code, breach of contract, and negligent misrepresentation); *Perkins v. Time Insurance Company,* 898 F.2d 470, 473 (5th Cir.1990) (claim for tortious breach of contract); *Baylor University Medical Center v. Epoch Group, L.C.*, 340 F.Supp.2d 749, 759-60 (N.D. Tex. 2004) (breach of contract claim against health plan); *Baylor University Medical Center v. Arkansas Blue Cross Blue Shield*, 331 F.Supp.2d 502, 508-12 (N.D.Tex.2004) (claims for breach of contract and late payment of claims under the Texas Insurance Code); *Methodist Hospitals of Dallas v. Wal-Mart Stores, Inc.,* No. 3:02-CV-0656, 2003 WL 21266775 at *1, 3 (N.D.Tex. May 30, 2003) (claims for breach of contract and negligent misrepresentation); *Foley,* 226 F.Supp.2d at 890, 895, 902 (claims for late payment of claims under the Texas Insurance Code and unjust enrichment); *Memorial Hermann Hospital System v. One Health Plan of Texas, Inc., et al.*, Civil Action No. H-02-2424, Order of Sept. 18, 2002 at 5-10 (S.D. Tex. 2002) (Atlas, J.) (negligence, negligent misrepresentation, and violations of Texas Insurance Code Article 21.21 § 4 and DTPA § 17.46(a) & (b)); *Rogers v. CIGNA Healthcare of Texas,* 227 F.Supp.2d 652, 655 (W.D.Tex.2001) (claims for breach of contract and quantum meruit).  As one district court aptly stated in a recent decision: "Enforcing a contract to provide medical services in

exchange for payment for those services is hardly an exclusive area of federal concern." *Baylor*, 331 F.Supp.2d at 509.  None of the claims in this action are dependent on or derived from the rights of any plan beneficiaries, and the Court finds that none of the claims are subject to preemption. The motion to remand is granted.

## IV.     CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** that this action is **REMANDED** to the 189th Judicial District Court of Harris County, Texas.  All other pending motions are **DENIED** as moot. The Clerk of the Court is **ORDERED** to promptly send a copy of this memorandum order to the clerk of the state court.

SIGNED at Houston, Texas, this 12th day of June, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE